## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| | * | |
| **THE STEAMSHIP TRADE ASSOCIATION** | | |
| **OF BALTIMORE, INC**. | * | |
| | | |
| Plaintiff, | * | Civil Action No. 18-03338-GLR |
| | | |
| v. | * | |
| | | |
| **INTERNATIONAL LONGSHOREMEN'S** | * | |
| **ASSOCIATION, AFL-CIO, LOCAL 333** | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### JOINT STATUS REPORT

Plaintiff, the Steamship Trade Association of Baltimore, Inc. ("STA"), by and through its attorney, Michael J. Collins and the Law Offices of Michael J. Collins PC, and Defendant, International Longshoremen's Association, AFL-CIO, Local 333 ("ILA Local 333"), by and through its attorneys James R. Rosenberg, Brian G. Esders and the law firm of Abato, Rubenstein and Abato, P.A., in accordance with the Court's order of October 31, 2018, hereby jointly submit this status report and respond to the Court's questions as follows:

**1. Whether the parties would like to participate in mediation.**

The parties would not like to participate in mediation.

**2. Whether the parties object to having the case transferred to a U.S. Magistrate Judge for all further proceedings.**

The parties do not wish for the case to be transferred to a U.S. Magistrate Judge for all further proceedings.

**3. The status of the case.**

The parties have scheduled an arbitration to resolve the current disputes, pursuant to the Collective Bargaining Agreement, to be heard to Arbitrator Andrew Strongin on November 20, 2018.  Further, at this time, the Complaint has not been formally served on the Defendant, nor has a Waiver of Service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, been requested.  As such, it is the position of the parties that there is no due date at this time for the Defendant to file a responsive pleading or otherwise Answer the Complaint.

**4.  Any pending motions.**

At this time there are no pending motions, however, it is expected that Plaintiff will seek to extend the Temporary Restraining Order issued by the Court on October 29, 2018 until such time as the Arbitrator referenced above issues a Decision and Award.

**5.  Any other issues the parties wish to bring to the Court's attention.**

*Plaintiff's assertions:*
Plaintiff's position is that, since the issuance of the Temporary Restraining Order, there have been severe issues related to completion of the truck line at Seagirt Marine Terminal ("SMT"), which has caused work normally completed at 18:00 hours to extend to 21:00 hours. This means that trucks are waiting significantly longer times than normal, with a large increase in trucks waiting more than two hours. Four hundred and fifty trucking companies and 1,400 drivers have been adversely affected.

Overall production, in terms of servicing trucks at SMT, is not close to meeting historical norms. For example, historically takes 76 minutes to service a truck.  On October 30 and 31, that servicing time has expanded to 119 minutes. Today, the morning productivity times are over 106 minutes. If this lack of productivity continues, truckers will no longer enter the terminal.  There are significant vessel operations scheduled this week and into the weekend.  Vessels may be turned away from Baltimore as early as Monday.

We also have been advised of a potential truckers' strike. Several customers are stating that they are seeking alternatives to the Port of Baltimore.

Plaintiff may seek the Court's additional intervention on an emergency basis at the earliest possible time if matters do not immediately improve to protect the Port.

*Defendant's assertions:*
Defendant asserts that it is taking all reasonable actions to comply with the Court's temporary restraining order and encouraging compliance by member employees of Plaintiff.

Defendant is without sufficient information to confirm Plaintiff's allegations about delays, however, Defendant asserts that Plaintiff has deviated from past practice concerning soliciting overtime work and such changes may have contributed to delays, if any.  Defendant has acted to encourage labor to work as directed and to take overtime work.  Plaintiff, however, has not taken any disciplinary action against any employees it alleges have acted improperly despite its ability and right to do so.

With respect to an alleged potential trucker's strike, the Defendant does not represent those individuals, nor do they work for Plaintiff.  Defendant has not had communications with "truckers" nor has Defendant encouraged a "potential truckers' strike."

2

November 1, 2018

/s/ Michael J. Collins
Michael J. Collins (Bar No. 05971)
Michael@mjcollinslaw.com
Law Offices of Michael J. Collins
7104 Biter Lane
Highland, MD 20777
(410) 967-7614

Attorneys for Plaintiff, Steamship
Trade Association of Baltimore, Inc.

Respectfully submitted,

/s/ James R. Rosenberg
James R. Rosenberg (Bar No. 22885)
jrosenberg@abato.com

/s/ Brian G. Esders
Brian G. Esders (Bar No. 28745)
besders@abato.com
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990

Attorneys for Defendant